## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TYRONE FRAZIER, LAURENCE
HARWOOD, DANIEL THARP and
INTERNATIONAL UNION OF
UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,

      Plaintiffs,

                                    Case No. 96-73419

v.

                                      HON. DENISE PAGE HOOD

ALBERT CALILLE, et al.,

      Defendants.
_____/

### OPINION AND ORDER REGARDING VARIOUS MOTIONS

## I.      BACKGROUND/FACTS

On April 29, 1997, a Stipulated Judgment of Dismissal was entered by the

Court. (No. 6, 4/29/1997). On April 20, 2013, Plaintiffs filed a Motion to Enforce

Settlement Agreement and for Permanent Injunction. Response, reply and

supplemental briefs were filed on that motion. Plaintiffs also filed a Motion to

Substitute Party and Joinder and a response and reply have been filed to that motion.

Defendants filed a Motion to Strike and a response was filed to that motion. After oral

arguments on the various motions, the parties submitted supplemental briefs.

Defendants thereafter filed a Motion for Relief form Judgment under Rule 60(b).  A response and reply were filed to that motion.

## II.    JURISDICTION

A district court has the authority to dismiss pending claims while retaining jurisdiction over the future enforcement of a settlement agreement.  *Futernick v. Sumpter Township*, 207 F.3d 305, 310 (6th Cir. 2000).  A district court may retain jurisdiction of a matter after settlement by (1) conditioning dismissal, when it is pursuant to Federal Rule of Civil Procedure 41(a)(2), on the parties' compliance with the terms of the settlement agreement; or (2) incorporating the settlement agreement in the dismissal order or retaining jurisdiction over the settlement agreement when it is  pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).  *Kokkonen v. Guardian Life Insurance Co., of America,* 511 U.S. 375, 381-82 (1994).  Where a court retains jurisdiction, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen*, 511 at 381.  Where jurisdiction is not retained, "enforcement of the settlement is for state courts, unless there is come independent basis for federal jurisdiction." *Id.* at 383.  The Sixth Circuit in *Waste Management of Ohio, Inc. v. City of Dayton*, 132 F.3d 1142, 1144 (6th Cir. 1997), stated that the language such as, the district court "retains jurisdiction over this cause for all purposes and that either party may move the district

2

court for clarification of the Decree and for supplemental or corrective relief in addition to and/or in lieu of any and all remedies provided for in the aforementioned Settlement Agreement" is sufficient to retain jurisdiction. *Id.* In contrast, the Sixth Circuit has held that the phrase "pursuant to the terms of the settlement agreement" fails to incorporate the terms of the settlement agreement into the order because "[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement into the dismissal order." *Caudill v. North American Media Corp.*, 200 F.3d 914, 917 (6th Cir. 2000).

Here, the Stipulated Judgment of Dismissal contains the language, "the Court retains jurisdiction to enforce the settlement agreement." (Motion, No. 9, Ex. B) The Court has jurisdiction to review the matter.

## III.   ENFORCEMENT OF SETTLEMENT AGREEMENT

### A.   Standing

The primary issue in the underlying case involved the Agency's procedures regarding the collection of overpaid unemployment insurance. Plaintiffs argue that under the Settlement Agreement, once an overpayment has been determined, no collection activity would be taken by the Agency until appeals were concluded. Plaintiffs assert the Agency has violated the Settlement Agreement since it has undertaken collection activities against claimants even though the appeal process had

3

not been completed.   Plaintiffs claim that this Court should issue a permanent injunction for the Agency to adhere to the terms of the Settlement Agreement.

Defendants respond that the motion should be denied because the Settlement Agreement was executed more than 16 years ago and the permanent injunction request is without merit as to today's Unemployment Insurance Agency.   Defendants assert that no federal law has been breached as to the current claimants.   Defendants argue the Court should abstain from exercising any jurisdiction over the claims by Plaintiffs.

The Settlement Agreement governs the following parties and claims:

> *This Settlement Agreement (hereafter Agreement) is mutually entered into by the Plaintiffs, Tyrone Frazier, Laurance Harwood, and Daniel Tharp (hereafter referred to as the "Individual Plaintiffs"), and the International Union, United Automobile, Aerospace, and Agricultural Workers of America (UAW) and the Defendant, Thomas S. Malek.*   In furtherance of this settlement agreement, the Parties agree as follows:

> 1.   The Plaintiffs and Defendant (hereafter "Parties") enter into this agreement for the purpose of settling a lawsuit, *Frazier, et al., v. Calille, et al.,* E.D. Mich. No. 96-CV-73419-DT, which involved legal claims concerning the collection of non-fraud unemployment insurance benefits overpayments by the Michigan Employment Security Agency (hereafter "Agency").   *This Agreement represents the entire agreement  of the Parties with regard to any and all claims and defenses presented in the lawsuit.*

(Settlement Agreement, Doc. No. 9, Ex. A)(italics added).

4

The initial issue before this Court, although not clearly articulated by the parties, is whether the Court has jurisdiction to review the specific claims as to claimants who were unnamed in the Settlement Agreement. Although Plaintiffs assert they are not seeking individual reviews of claimants currently before the Agency, they are seeking an order enjoining the Agency from collection efforts until a final determination has been made as to the overpayment issue.

Reviewing the Settlement Agreement, the Court notes it is not an agreement settling claims of a class or other parties not a party to the agreement. The Settlement Agreement specifically named the individual Plaintiffs Frazier, Harwood, and Daniel Tharp. The UAW, a party to the Settlement Agreement, had and currently has no claim before the Agency. The Defendant is the individual Malek, a State Officer at the time the Settlement Agreement was executed. None of the individual claimants, party to the Settlement Agreement, is asserting that the Agency has violated the terms of the Settlement Agreement as to their individual claims.

The Sixth Circuit has held that third parties and even intended third-party beneficiaries of a consent decree lack standing to enforce its terms. *Aiken v. City of Memphis*, 37 F.3d 1155, 1168 (6th Cir. 1994); *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir. 1992); *S.E.C. v. Dollar General Corp.*, 378 Fed. Appx. 511, 515-16 (6th Cir. 2010) (Non-parties to a consent decree or analogously an agreed or consent

5

judgment entered by a court incorporating a settlement agreement do not have standing to enforce a judgment).

Plaintiffs submitted various examples of and affidavits from claimants who received overpayments, were going through the appeal process, and yet the Agency was conducting collection actions in violation of the Settlement Agreement. Plaintiffs seek discovery into the breadth of the Agency's non-compliance and development of a factual record to determine appropriate remedy for Defendants' breach. Plaintiffs seek to have these claimants join in the instant action. (Motion to Substitute Party and Joinder, Doc. No. 10) Plaintiffs argue these claimants are entitled to remedies including refunds of any funds collected during the appeal process, with interest at a reasonable rate. (Motion, Doc. No. 9, pg ID 25) In addition, Plaintiffs seek hardship waivers on behalf of applicants whose applications substantially comply with the requirements. (Motion, Doc. No. I, pg ID 25)

Based on Plaintiffs' various requests on behalf of claimants who were not parties to the Settlement Agreement, Plaintiffs seek remedies for these claimants. Inasmuch as Plaintiffs are seeking an injunction and monetary remedies for the benefit of past, current and future claimants before the Agency who were not parties to the Settlement Agreement at issue, this Court has no authority to enter such an order. The Sixth Circuit is clear that parties who were not parties to a settlement agreement, or

6

parties seeking benefits on behalf of non-parties, do not have standing to enforce an agreement. *Aiken v. City of Memphis*, 37 F.3d at 1168.

### B.    Breach of the Settlement Agreement

Plaintiffs assert that Defendants breached the Settlement Agreement because Defendants are collecting overpayments from claimants before the appeal process has concluded. Defendants respond that the Court should abstain from this matter and not to interfere with the administrative process authorized by the Michigan Employment Security Act. Defendants argue that Plaintiffs failed to show that Defendants have not satisfied the 1997 Settlement Agreement so as to warrant this Court's involvement, claiming the Agency has not adopted any policy authorizing the interception of any claimant's fund for reimbursements not yet due. Defendants request that the Court deny Plaintiffs' demand for a permanent injunction.

A settlement agreement is a type of contract and is governed "by reference to state substantive law governing contracts generally." *Cogent Solutions Group, LLC v. Hyalogic, LLC,* 712 F.3d 305, 309 (6th Cir. 2013). Under Michigan law, an agreement to settle a pending lawsuit is a contract and is reviewed by the legal principles applicable to contract construction and interpretation. *MLW Associates, Inc. v. Certified Tool & Manufacturing Corp.,* 106 Fed. Appx. 307, 312 (6th Cir. Jul. 6, 2004). Under Michigan law, the primary goal in the construction or interpretation

7

of any contract is to honor the intent of the parties. *Rasheed v. Chrysler Corp.,* 445 Mich. 109, 127 n. 28 (1994). This entails a reading of the contract as a whole and an application of its clear language. *Old Kent Bank v. Sobczak,* 243 Mich. App. 57, 63 (2000). If the provision is clear and unambiguous, the terms are to be taken and understood in their plain, ordinary, and popular sense. *Michigan Mut. Ins. Co. v. Dowell*, 204 Mich. App. 81, 87 (1994). Courts are governed by what the parties said and did, and not merely by unexpressed subjective intent. *Fletcher v. Bd. of Educ. of Sch. Dist. Fractional No. 5*, 323 Mich. 343, 348 (1948).

A party seeking reformation of a contract based on mutual mistake has the burden of proof by clear and convincing evidence. *Local Union 2-2000 v. Coca-Cola Refreshments, USA, Inc.,* 2013 WL 596107, *7 (6th Cir. Nov. 8, 2013) (quoting, *Casey v. Auto-Owners Ins. Co.,* 273 Mich. App. 388 (2006)). A court of equity should not reform a written instrument "upon probability, nor even upon a mere preponderance of evidence, but only upon a certainty of the error." *Id.* (quoting, *Holda v. Glick,* 312 Mich. 394 (1945)). If the terms are ambiguous, extrinsic evidence may be considered to prove the existence of ambiguity. *McCarty v. Mercury Metalcraft Co.,* 372 Mich. 567, 575 (1964). Courts enforce contracts according to their unambiguous terms because doing so respects the freedom of individuals freely to arrange their affairs via contract. *Rory v. Continental Ins. Co.*, 473 Mich. 457, 468

8

(2005).  Unambiguous contracts are not open to judicial construction and must be enforced as written.  *Id.*

As quoted above, the parties agreed that the "Agreement represents the entire agreement of the Parties with regard to any and all claims and defenses presented in the lawsuit."  (Settlement Agreement, Doc. No. 9, Ex. A, ¶ 1) The Settlement Agreement stated the specific terms as to each of the three individual Plaintiffs (Harwood, Tharp and Frazier).  (Settlement Agreement, Doc. No. 9, Ex. A, ¶ 4) ) In ¶ 5, the Settlement Agreement states,

> The provisions of this Agreement *clarify existing policies and practices* on the part of the Michigan Employment Security Agency with respect to the determination and recovery of non-fraud unemployment insurance benefit overpayments and are fully consistent with the Act and all applicable rules and regulations.

(Settlement Agreement, Doc. No. 9, Ex. A, ¶ 5) Paragraph 6 then states,

> Within 45 days of the execution of this Agreement, the Defendant shall issue written directives to all applicable personnel within the Michigan Employment Security Agency *clarifying its recovery procedures* for non-fraud overpayments of unemployment insurance benefits *as provided in paragraph 7 of this Agreement*.  As soon as thereafter as is practicable, but no event more than 180 days of the execution of this Agreement, the *Defendant shall issue revised manual sections for the policy and procedures manual consistent with the terms of paragraph 7 of this agreement*. ...

(Settlement Agreement, Doc. No. 9, Ex. A, ¶ 7) Paragraph 7 provides,

9

Whenever the first decision that unemployment benefits have been improperly paid is made by a Referee, the Board of Review or a court, *the Defendant agrees to the following policies and practices*:

(a) The Defendant agrees to issue a determination of restitution which (1) establishes amount of overpayment, (2) state the week(s) of benefits involved in the overpayment in question and, (3) addresses all issues of administrative waiver of the overpayment. The restitution determination shall include a notice that failure to appeal the restitution determination will render it final and may require repayment of the overpayment if the claimant loses the appeal on the merits.

(b) If a timely appeal of the restitution determination is made, the Defendant shall hold the adjudication of the restitution determination in abeyance until the appeal on the underlying issue(s) on the merits becomes final. Upon finality of the appeal on the merits, if the claimant does not prevail, the Defendant shall issue a redetermination of restitution. Upon finality of the restitution (re)determination, the Defendant may begin collection activity. If a timely appeal of the restitution determination is not made, the claimant wins on appeal of the merits, the Defendant will not collect on the restitution determination, even though it has become final.

(c) All notices to claimants concerning collection of the overpayment shall notify the claimant that if they disagree with the amount of the restitution, they may contact the Agency to discuss the matter which may include a seated interview.

(d) After discussion, if the Agency agrees with the claimant that an error has been made, appropriate adjustments will be made in the amount to be collected, even if the restitution determination had become final. If the Agency does not agree with the claimant, the Agency will collect the amount stated in the final restitution determination. Collection under these circumstances presumes a final

10

adverse decision to the claimant as to the merits of the case as well as finality with respect to the restitution determination.

(e) The claimant has a right to request an indigency waiver at any time during the collection process and the Agency will advise the claimant of this right in every notice regarding collection or recovery of non-fraud overpayment.

(Settlement Agreement, Doc. No. 9, Ex. A, ¶7)

It is ¶ 7 which Plaintiffs allege Defendants have breached. However, nothing in the Settlement Agreement provides any remedies if Defendants breach ¶ 7. There is no provision in the Settlement Agreement which contemplates any process or remedy the parties intended should Defendants breach ¶ 7. This Court's interpretation of the Settlement Agreement is that ¶ 7 was intended to be the Agency's "policies and practices," as expressly noted in the first sentence of ¶ 7. The parties' intent is clear in ¶ 5 where the parties agreed that the "provisions of this Agreement *clarify* existing policies and practices" with respect to determination and recovery of unemployment insurance benefits. (Settlement Agreement, Doc. No. 9, Ex. A, ¶5) There is no allegation that shortly after the 1997 Settlement Agreement was entered into by the parties, that Defendants failed to implement the policies and practices set forth in ¶ 7 or that Defendants have changed said policies and practices. There is no language in the Settlement Agreement which would allow a claimant to use the Settlement Agreement to file a cause of action against Defendants for failing to follow the terms

of the Settlement Agreement.  As noted above, a non-party to a settlement agreement has no standing to assert enforcement of the agreement.  *Aiken v. City of Memphis*, 37 F.3d at 1168.

There is also no permanent injunction language in the Settlement Agreement enjoining Defendants from any acts.  The Court cannot read into or add any permanent injunction language sought by Plaintiffs since the parties did not bargain for such language in the Settlement Agreement.  *Local Union 2-2000,* 2013 WL 596107 at *7.

As to Plaintiff UAW's own interest, in order to show a breach of the Settlement Agreement, as in any breach of contract claim, the UAW itself must show it suffered damages as a result of the breach.  A party claiming a breach of contract must establish: 1) that there was a contract; 2) that the other party breached the contract and, 3) that the party asserting breach of contract suffered damages as a result of the breach.  *Miller-Davis v. Ahrens Constr., Inc. (On Remand),* 296 Mich. App. 56, 71 (2012).  Plaintiff UAW has not alleged it suffered damages as a result of the alleged breach by Defendants.

This Court's interpretation of the Settlement Agreement is that the parties intended ¶ 7 to clarify the Agency's existing policies and procedures as to overpayment of unemployment insurance benefit collection efforts and to implement the policies and practices noted in ¶ 7.  The Settlement Agreement was not intended

12

to serve as a basis for non-party claimants to seek remedy from this Court should Defendants fail to follow the procedures agreed to by the parties.  Although it is laudable that Plaintiff UAW is seeking redress for alleged violations of Defendants' policies and procedures on behalf of claimants who may not have the ability to do so outside of the process outlined by Defendants' policies and procedures, such relief cannot be had by way of seeking enforcement of the Settlement Agreement at issue.[1]

## IV.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion to Enforce Settlement Agreement and for Permanent Injunction (**Doc. No. 9**) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Substitute Party and Joinder (**Doc. No. 10**) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (**Doc. No. 16**) is MOOT.

---

[1]The parties entered into a Settlement Agreement in this matter and not a Consent Decree, which is often entered into with a governmental entity.  *See Board of Educ. of Okla. City Public Schools v. Dowell,* 498 U.S. 237, 249 (1991) ("the District Court [is] to observe the good faith of the [governmental entity] in complying with a decree.").  A consent decree is essentially a settlement agreement, subject to "continued judicial policing."  *Williams v. Vukovich,* 720 F.2d 909, 920 (6th Cir. 1983).  A consent decree has an attribute of both a contract and a judicial act.  *United States v. State of Michigan,* 1995 WL 469430, *6 (6th Cir. Aug. 7, 1995).  A consent decree, especially one that impacts the interests of the public and specific groups of persons not a party to a decree, is more than a contract since it is a judicial order with a continuing decree of injunctive relief.  *Carson v. American Brands,* 450 U.S. 79, 84 (1981); *Williams,* 720 F.2d at 920.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss/For Relief from Judgment (**Doc. No. 29**) is MOOT.

s/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 31, 2014, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager, (313) 234-5165

14