UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE FRAZIER, LAURENCE
HARWOOD, DANIEL THARP and
INTERNATIONAL UNION OF
UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,

    Plaintiffs,

v.

STATE OF MICHIGAN, DEPARTMENT
OF LICENSING & REGULATORY AFFAIRS,
UNEMPLOYMENT INSURANCE AGENCY,
SHARON MOFFETT-MASSEY, DIRECTOR OF
THE MICHIGAN UNEMPLOYMENT INSURANCE
AGENCY,

    Defendants.

_____/

Case No. 96-73419

HON. DENISE PAGE HOOD

**ORDER REGARDING VARIOUS MOTIONS
AND RESETTING STATUS CONFERENCE DATE**

**I.    BACKGROUND/FACTS**

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit reversing this Court's Order denying Plaintiffs' Motion to Enforce Settlement Agreement. (Doc. Nos. 40, 42)

On July 30, 1996, Plaintiffs United Automobile, Aerospace and Agricultural Workers of America ("UAW") and three individual plaintiffs filed a

Complaint for Injunctive and Declarataory Relief against what was then called the Michigan Employment Security Commission, the State of Michigan's body tasked with administering the State's Unemployment Insurance Program (the "Agency"). Plaintiffs alleged three claims under the Social Security Act, 42 U.S.C. § 303 and one claim under 42 U.S.C. § 1983 for violating the Due Process Clause of the Fourteenth Amendment. Plaintiffs alleged that the Agency failed to properly handle situations where claimants for unemployment were paid money, and a subsequent determination was made that the claimants were not entitled to the unemployment benefits. Plaintiffs asserted that even though appeals were pending and no final determination had been made on the claimants' eligibility to benefits, the Agency sent multiple collection and delinquency notices were sent to the claimants. The parties thereafter reached a Settlement Agreement and a Stipulated Judgment of Dismissal was entered by the Court on April 29, 1997. (Doc. No. 6).

Sixteen years later, on August 20, 2013, Plaintiffs filed a Motion to Enforce Settlement Agreement and for a Permanent Injunction claiming that the Agency breached the Settlement Agreement. The primary issue in the underlying case involved the Agency's procedures regarding the collection of overpaid unemployment insurance. Plaintiffs argue that under the Settlement Agreement, once an overpayment has been determined, no collection activity would be taken by the

Agency until appeals were concluded. Plaintiffs assert the Agency violated the Settlement Agreement since it has undertaken collection activities against claimants even though the appeal process had not been completed. Plaintiffs claim that this Court should issue a permanent injunction for the Agency to adhere to the terms of the Settlement Agreement.

Defendants respond that the motion should be denied because the Settlement Agreement was executed more than 16 years ago and the permanent injunction request is without merit as to today's Unemployment Insurance Agency. Defendants assert that no federal law has been breached as to the current claimants. Defendants argue the Court should abstain from exercising any jurisdiction over the claims by Plaintiffs.

On remand, the parties agreed to reinstate their previous papers rather than filing new briefs. The Court entered an Order reinstating the following motions: Plaintiffs' Motion to Enforce Settlement Agreement and for Permanent Injunction (Doc. No. 9), Plaintiffs' Motion to Substitute Party and Joinder (Doc. No. 10), Defendants' Motion to Strike (Doc. No. 16), and Defendants' Motion to Dismiss and/or for Relief from Judgment (Doc. No. 29). (Doc. No. 48) Briefs have been filed on these motions.

Plaintiffs thereafter filed a Motion to Compel Discovery (Doc. No. 52). Briefs

have been filed on this motion and arguments were held on October 3, 2018. Based on the representations at the hearing, Plaintiffs' Motion to Substitute Party is now rendered moot. At the hearing, the Court granted in part on the record the Motion to Compel Discovery, considered a Motion to Allow Discovery, as to whether Defendants violated the settlement agreement by instituting collection activity before the appeals became final. The Court took under advisement the hardship waiver issue as to individual claimants.

**II.     MOTION TO SUBSTITUTE PARTY AND JOINDER (Doc. No. 10)**

As noted above, the Motion to Substitute Party portion of this motion is now moot. In this Motion, Plaintiffs also seek to add four new plaintiffs in this action. Defendants do not agree that new plaintiffs should be brought in since each plaintiff presents unique questions of fact and mixed questions of fact and law.

Based on this Court's reading of the Settlement Agreement, the Court has no authority to add any new plaintiffs. This is not a new action with new claims, nor a reopening of the underlying Complaint. Plaintiffs did not file a class action in this matter. The sole issue before the Court is to enforce the Settlment Agreement as written. The Court denies the motion to add new plaintiffs.

**III.    MOTION TO STRIKE (Doc. No. 16)**

Pursuant to Rule 12(f) of the Rules of Civil Procedure, Defendants seek to

4

strike immaterial paragraphs from Plaintiffs' Motion to Enforce Settlement Agreement and for Permanent Injuncgion and to strike Scott Fahr as a putative plaintiff from the Motion for Substitutioan and Joinder.

Plaintiffs resond that Rule 12(f) only applies to "pleadings" such as a "complaint." A motion is not a pleading.

The Court agrees with Plaintiffs that Rule 12(f) does not apply in this instance since the provisions Defendants seek to strike are materials in motions and/or briefs. Defendants' Motion to Strike is denied.

### IV. MOTION TO DISMISS AND/OR FOR RELIEF FROM JUDGMENT (Doc. No. 29)

Defendants seek relief from judgment under Rule 60(b)(5) or 60(b)(6) of the Rules of Civil Procedure. Defendants argue that the prospective enforcement in the Settlement Agreement is no longer equitable and has served its purpose. Defendants argue that institutional reform injunctions or other remedies raise federalism concerns and that such decrees affect State budget priorities and bind future officials. Defendants claim they have demonstrated complaince under Rule 60(b)(5). They have resolved the issues as to the claimants identified by Plaintiffs. Defendants claim the computer system was updated in September 2013, which will reduce future collection errors. Defendants have changed the forms that did not comply with the Settlement Agreement.

Defendants argue that the Court should abstain from this matter based on judicial economy, where the Michigan courts are able to handle the matter as contemplated by the statutes. Also, Defendants argue that the Court should abstain under *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943) and the *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976).

Plaintiffs respond that no law or facts have changed to allow for relief under Rule 60(b)(5). Plaintiffs argue the Agency is not complying with the Settlement Agreement and they should not be allowed to evade the true scope of the problem. Plaitniffs claim Defendants have not shown that the Settlemnt Agreement should be set aside.

Rule 60(b) of the Federal Rules of Civil Procedures provides that,

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.

6

1998).

Federal Rule of Civil Procedure 60(b)(5) authorizes a court to grant relief from final judgment if "applying it prospectively is no longer equitable." Whether prospective enforcement is no longer equitable under Rule 60(b)(5) is a fact-intensive inquiry within the broad equitable powers of a district court. *Brown v. Tennessee Dep't of Fin. & Admin.,* 561 F.3d 542 (6th Cir. 2009); *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir.2007). In *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992), the Supreme Court explained that under Rule 60(b)(5), "A party seeking modification of a consent decree may meet its initial burden by showing a significant change either in factual conditions or in law," *id*. at 384 and that consequently, "modification of a consent decree may be warranted when the statutory or decisional law has changed to make legal what the decree is designed to prevent." *Id.* at 388. The *Rufo* rule flows from the insight that a consent decree designed to remedy violations of federal law is not a private contract; it is a judicial decree enforcing rights created by federal law through means agreed upon by the parties. So if a change in law eliminates the rights and duties the consent decree is designed to enforce, then it should not be enforced simply because the parties agreed to it. *See Biodiversity v. Cables*, 357 F.3d 1152, 1169–70 (10th Cir. 2004).

Here, the Court finds that Defendants willingly accepted a contractual duty to

ensure the provision of the unemployment redetermination process provided sufficient notice to the claimants and that claimants are not unnecessarily harassed by collection efforts before a final determination and any appeals thereto have been taken. Defendants have not initially met their burden to show that the Settlement Agreement has been changed by any statutory or decisional law which prevents the provisions in the Settlement Agreement to take effect. Defendants have not identified any law which eliminates the rights and duties the Settlement Agreement is designed to enforce. The Court denies Defendants' Motion for Relief from Judgment under Rule 60(b)(5).

Under the catch-all provision in subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5). *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985). Extraordinary circumstances are needed to grant relief under Rule 60(b)(6). *Id.*

Because Defendants based its reasons on Rule 60(b)(5), the Court cannot grant Defendants' motion under Rule 60(b)(6). Defendants also have not shown extraordinary circumstances needed to grant relief under Rule 60(b)(6). Plaintiffs have initially shown, subject to further discovery, that Defendants breached the Settlement Agreement. The issue of whether such breaches are "material" will be

addressed through discovery and later motions and hearing.

The Court will not abstain from this matter because the parties agreed that the Court retain jurisdiction to enforce the Settlement Agreement. Defendants' Motion for Relief under Rule 60(b)(6) is denied.

V. **MOTION TO COMPEL (ALLOW) DISCOVERY (Doc. No. 52)**

Plaintiffs seek discovery relating to their Motion to Enforce Settlement, which the Court has addressed above. Plaintiffs assert that since the original filing, media reporting has corroborated many of the claims offered in support of the original motion and has cast serious doubt on Defendants' assertion that violations of the Settlement Agreement were few and far between. Plaintiffs argue that the implementation of the Michigan Integrated Date Automated System (MiDAS) has produced widespread violations.

Defendants argue that the Agency's *past use* of the MiDAS system in issuing fraud redeterminations is completely unrelated to the issues in this case: 1) improperly collection activity during the pendency of an appeal; and 2) the availability of hardship waivers. Defendants also argue that the issue is not whether the Agency is violating the MES Act in the manner in which it grants or denies hardship waivers since the Settlement Agreement only states that the claimants are given notice as to the availability of hardship waivers.

As this Court ruled on the record, discovery will be taken in this matter as to whether Defendants violated the Settlement Agreement, specifically as to whether Defendants violated ¶7. As ruled by the Sixth Circuit, the UAW does have standing in this matter. Paragraph 7 (b) provides that if a timely appeal has been filed, "the Defendant shall hold the adjudication of the restitution determination in abeyance until the appeal on the underlying issue(s) on the merits becomes final." Settlement Agreement, ¶(b). Discovery may be taken as to how Defendants are violating the Settlement Agreement by instituting collection activity before appeals have become final.

However, because this is not a new action with new claims alleged, the Court will not review an individual claimant's situation and whether the claimant is entitled to hardship waivers, other than as evidence to support whether Defendants breached the Settlement Agreement. The main focus of the discovery will be to what extent Defendants breached its duties under the Settlement Agreement. Paragraph 7 sets forth Defendants' duties as it relates to hardship waivers. It is noted that there is no language in the Settlement Agreement as to how a claimant may appeal a denial of any hardship waivers. Defendants argue that there is a statute relating to this issue.

The Court will not allow discovery regarding the review of an individual claimant's situation and whether the claimant is *entitled* to a hardship waiver.

10

Paragraph 7 of the Settlement Agreement provides that the claimant has a right to request an indigency waiver "at any time during the collection process and the Agency will advise the claimant of this right in every notice regarding collection or recovery of non-fraud overpayment." Settlement Agreement, ¶7. Plaintiffs may conduct discovery on whether Defendants advised the claimants of the right to request an indigency waiver in the notices sent to the claimant regarding any collection effort or request for recovery of non-fraud overpayment. Plaintiffs' Motion to Compel Discovery, considered as a Motion to Allow Discovery, is granted, but not as a review of whether an individual claimant is entitled to a hardship waiver.

At the hearing, the parties agreed to a discovery period of four months. A status conference was thereafter set for the parties to report to the Court regarding the status of discovery and any further supplementation on Plaintiffs' Motion to Enforce Settlement Agreement.

## VI. CONCLUSION

For the reasons set forth above and on the record,

IT IS ORDERED that the Motion to Substitute Party and Joinder **(Doc. No. 10)** is MOOT as to the substitution of party and DENIED as to joinder of party.

IT IS FURTHER ORDERED that the Motion to Strike **(Doc. No. 16)** is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss and/or Motion for Relief from Judgment **(Doc. No. 29)** is DENIED.

IT IS FURTHER ORDERED that the Motion to Compel (Allow) Discovery **(Doc. No. 52)** is GRANTED in part and DENIED in part as more fully set forth above.

IT IS FURTHER ORDERED that the Status Conference is rescheduled for **March 7, 2019 at 1:30 p.m.** The parties are to submit by **March 4, 2019**, a Joint Status Report setting forth any further discovery required and proposed deadlines for discovery and submissions of any further briefings to the Motion to Enforce Settlement.

S/DENISE PAGE HOOD
DENISE PAGE HOOD
Chief United States District Judge

DATED: February 6, 2019