UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE FRAZIER, LAURENCE
HARWOOD, DANIEL THARP and
INTERNATIONAL UNION OF
UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA,

    Plaintiffs,

Case No. 96-73419

v.

HON. DENISE PAGE HOOD

STATE OF MICHIGAN, DEPARTMENT
OF LICENSING & REGULATORY AFFAIRS,
UNEMPLOYMENT INSURANCE AGENCY,
SHARON MOFFETT-MASSEY, DIRECTOR OF
THE MICHIGAN UNEMPLOYMENT INSURANCE
AGENCY,

    Defendants.
_____/

**ORDER REGARDING MOTIONS TO COMPEL
AND BRIEFING SCHEDULE**

**I.    BACKGROUND/FACTS**

This matter is before the Court on two Motions to Compel Discovery filed by Plaintiff International Union of United Automobile, Aerospace and Agricultural Implement Workers of America. Responses to the motions have been filed and a hearing held on the motions.

On July 30, 1996, Plaintiffs United Automobile, Aerospace and Agricultural

Workers of America ("UAW") and three individual plaintiffs filed a Complaint for Injunctive and Declaratory Relief against what was then called the Michigan Employment Security Commission, the State of Michigan's body tasked with administering the State's Unemployment Insurance Program (the "Agency"). Plaintiffs alleged three claims under the Social Security Act, 42 U.S.C. § 303 and one claim under 42 U.S.C. § 1983 for violating the Due Process Clause of the Fourteenth Amendment. Plaintiffs alleged that the Agency failed to properly handle situations where claimants for unemployment were paid money, and a subsequent determination was made that the claimants were not entitled to the unemployment benefits. Plaintiffs asserted that even though appeals were pending and no final determination had been made on the claimants' eligibility to benefits, the Agency sent multiple collection and delinquency notices were sent to the claimants. The parties thereafter reached a Settlement Agreement and a Stipulated Judgment of Dismissal was entered by the Court on April 29, 1997. (ECF No. 6).

Sixteen years later, on August 20, 2013, Plaintiffs filed a Motion to Enforce Settlement Agreement and for a Permanent Injunction claiming that the Agency breached the Settlement Agreement. The primary issue in the underlying case involved the Agency's procedures regarding the collection of overpaid unemployment insurance. Plaintiffs argue that under the Settlement Agreement, once an overpayment

has been determined, no collection activity would be taken by the Agency until appeals were concluded. Plaintiffs assert the Agency violated the Settlement Agreement since it has undertaken collection activities against claimants even though the appeal process had not been completed. Plaintiffs claim that this Court should issue a permanent injunction for the Agency to adhere to the terms of the Settlement Agreement. Defendants respond that the motion should be denied because the Settlement Agreement was executed more than 16 years ago and the permanent injunction request is without merit as to today's Unemployment Insurance Agency. Defendants assert that no federal law has been breached as to the current claimants. Defendants argue the Court should abstain from exercising any jurisdiction over the claims by Plaintiffs.

This Court initially denied Plaintiffs' Motion to Enforce the Settlement Agreement and Permanent Injunction finding that the UAW lacked standing to enforce the settlement agreement. ECF No. 36, 3/31/14 Order. On appeal, the Sixth Circuit Court of Appeals reversed and remanded the matter, finding that the UAW had standing to enforce the settlement agreement. ECF No. 40, 1/21/15 Opinion.

On remand, the Court entered an order addressing various motions filed by the parties. ECF No. 61, 2/6/19 Order. Specifically, the Court granted the UAW's Motion to Compel Discovery, holding:

3

As this Court ruled on the record, discovery will be taken in this matter as to whether Defendants violated the Settlement Agreement, specifically as to whether Defendants violated ¶7. As ruled by the Sixth Circuit, the UAW does have standing in this matter. Paragraph 7 (b) provides that if a timely appeal has been filed, "the Defendant shall hold the adjudication of the restitution determination in abeyance until the appeal on the underlying issue(s) on the merits becomes final." Settlement Agreement, ¶(b). Discovery may be taken as to how Defendants are violating the Settlement Agreement by instituting collection activity before appeals have become final.

However, because this is not a new action with new claims alleged, the Court will not review an individual claimant's situation and whether the claimant is entitled to hardship waivers, other than as evidence to support whether Defendants breached the Settlement Agreement. The main focus of the discovery will be to what extent Defendants breached its duties under the Settlement Agreement. Paragraph 7 sets forth Defendants' duties as it relates to hardship waivers. It is noted that there is no language in the Settlement Agreement as to how a claimant may appeal a denial of any hardship waivers. Defendants argue that there is a statute relating to this issue.

The Court will not allow discovery regarding the review of an individual claimant's situation and whether the claimant is *entitled* to a hardship waiver. Paragraph 7 of the Settlement Agreement provides that the claimant has a right to request an indigency waiver "at any time during the collection process and the Agency will advise the claimant of this right in every notice regarding collection or recovery of non-fraud overpayment." Settlement Agreement, ¶7. Plaintiffs may conduct discovery on whether Defendants advised the claimants of the right to request an indigency

4

> waiver in the notices sent to the claimant regarding any collection effort or request for recovery of non-fraud overpayment. Plaintiffs' Motion to Compel Discovery, considered as a Motion to Allow Discovery, is granted, but not as a review of whether an individual claimant is entitled to a hardship waiver.

ECF No. 61, PageID.966-.967. The parties initially agreed to four months of discovery, which was later extended as agreed to by the parties. The parties are now before the Court on the UAW's two Motions to Compel Discovery, which are addressed below.

## II.   ANALYSIS

### A.   UAW's Motion to Compel Discovery and for Attorney's Fees and Costs

The UAW served discovery requests on Defendants on January 18, 2019, requesting information on: 1) information about individual claimants for whom the Defendants had violated the Agreement; 2) information the Agency relied on to produce the response to the Gongwer FOIA request; 3) information about claims for restitution; 4) information about fraud findings; 5) information about collection activity; 6) information about unemployment appeals; and, 7) information about hardship waivers, reasons for denials, and how the Agency reviews application for hardship waivers. The UAW argues that Defendants answered the discovery requests on March 13, 2019, but failed to respond substantively to nearly all of the UAW's

5

requests. Defendants provided copies of some of Defendants' policies and procedures–including significant redactions, but refused to produce aggregate data or individual data that Plaintiff could use to create aggregate data. The UAW claims Defendants refused to produce claim files for individuals for whom the UAW had identified violations of the Settlement Agreement, claiming disclosure of individual claims was contrary to the Court's Order and prohibited under 20 C.F.R. § 603.7(a). Defendants also refused to produce aggregate information in response to Plaintiff's requests for all UIA Form 1055s, documents showing total restitution recovered from UIA claimants, total restitution recovered from UIA claimants who had submitted hardship waivers or had an appeal pending, or total restitution recovered through tax intercepts or wage garnishment.

The UAW argues that the discovery requests seek information relevant to determine whether Defendants engaged in collection activity against claimants who are pursuing timely appeals and information relevant to determine whether Defendants adequately notified claimants of their right to apply for a hardship waiver. The UAW argues that the Settlement Agreement provides that Defendants "hold the adjudication of the restitution determination in abeyance until the appeal on the underlying issue(s) on the merits becomes final" and that the "Agency will advise the claimant of [the] right [to apply for a hardship waiver] in every notice regarding collection or recovery

6

of non-fraud overpayment." Agreement, ¶¶7(b) & (e). The UAW claims that the requested documents are relevant to whether Defendants held in abeyance adjudication of the restitution determination until the appeal was final and whether Defendants advised the claimants the right to apply for a hardship waiver in every notice regarding collection or recovery of non-fraud overpayment. Specifically, the Document Requests Nos. 1, 2, 6, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 31, 33, 34 and Interrogatory Nos. 5, 6, 7, 8 are relevant according to the UAW.

The UAW further argues that Defendants' "boilerplate objections" to these requests are not permissible. The UAW claims that Defendants misinterpreted the Court's Order regarding discovery since the Court indicated that although individual claimant's situations are not reviewed, such evidence is relevant to whether Defendants breached the Settlement Agreement. The UAW asserts that 20 C.F.R. § 603.7(a) does not prohibit discovery because it does not prevent such production when "a subpoena or other compulsory legal process has been served and a court has previously issued a binding precedential decision that requires disclosures of this type." The UAW argues that the Court's February 6, 2019 Order allowing discovery falls under this provision.

The UAW further asserts that Defendants have not engaged in good faith discussions related to their production. The UAW provided proposed search terms as

7

requested by Defendants, but only a subset of the proposed search terms were used and produced only a hit. Defendants refused to produce any emails to the UAW.

As to the redacted information, the UAW argues that Defendants failed to produce a privilege log along with the redacted pages as required by the federal rules. The UAW asserts that Defendants must provide a privilege log to accompany the redacted materials.

Defendants respond that the requested discovery far exceeds the scope of discovery permitted by the Court's Order. Defendants have properly responded and objected to the discovery requests. Defendants argue that the UAW's requests are overly broad and that discovery seeks information regarding the number of, or reasons for, denials of hardship waivers, including those related to fraud. The requests to produce "all documents showing or discussing the amount of restitution recovered from claimants through tax intercepts during the relevant time period" encompass documents from every unemployment claimant from whom the Agency intercepted tax returns for the past 10 years, which is likely in the tens or hundreds of thousands and the number of documents could very well be in the millions. Defendants also claim these are not relevant to this litigation. The UAW also seeks admissions and information regarding the methods used to calculate eligibility for hardship waivers and waiver of repayment. Defendants assert that "how" the Agency decides to

8

adjudicate a hardship waiver application is not a topic in the Settlement Agreement, only that the Agency will advise a claimant of the right to a hardship waiver in every notice regarding collection or recovery of non-fraud overpayment. The UAW's argument that the Agency is violating the MES Act when it grants or denies hardship waivers is not an issue in the Settlement Agreement.

As to the confidentiality of the files, Defendants argue that none of the requested disclosures for individual unemployment compensation files, fall under the exceptions to the confidentiality requirements under 20 C.F.R. § 603.4 and under Mich. Comp. Laws § 421.11(b). Defendants claim the UAW seeks the "full" individual unemployment compensation files of 44 non-parties, only five of which are UAW members. Defendants have not received any releases by individuals to disclose the confidential information of these 44 individuals, nor have protected orders been offered.

Defendants respond further that the Agency should not have to produce documents not in its possession. They argue that some of the individuals are no longer employed by the Agency and that the Agency no longer has possession of their emails. The individuals have transferred to other agencies and this Agency has no authority over those emails.

The Agency's duties are set forth in Paragraph 7 which provides,

9

Whenever the first decision that unemployment benefits have been improperly paid is made by a Referee, the Board of Review or a court, *the Defendant agrees to the following policies and practices*:

(a) The Defendant agrees to issue a determination of restitution which (1) establishes amount of overpayment, (2) state the week(s) of benefits involved in the overpayment in question and, (3) addresses all issues of administrative waiver of the overpayment. The restitution determination shall include a notice that failure to appeal the restitution determination will render it final and may require repayment of the overpayment if the claimant loses the appeal on the merits.

(b) If a timely appeal of the restitution determination is made, the Defendant shall hold the adjudication of the restitution determination in abeyance until the appeal on the underlying issue(s) on the merits becomes final. Upon finality of the appeal on the merits, if the claimant does not prevail, the Defendant shall issue a redetermination of restitution. Upon finality of the restitution (re)determination, the Defendant may begin collection activity. If a timely appeal of the restitution determination is not made, the claimant wins on appeal of the merits, the Defendant will not collect on the restitution determination, even though it has become final.

(c) All notices to claimants concerning collection of the overpayment shall notify the claimant that if they disagree with the amount of the restitution, they may contact the Agency to discuss the matter which may include a seated interview.

(d) After discussion, if the Agency agrees with the claimant that an error has been made, appropriate adjustments will be made in the amount to be collected, even if the restitution determination had become final. If the Agency does not agree with the claimant, the Agency will collect the amount stated in the final restitution determination.

> Collection under these circumstances presumes a final adverse decision to the claimant as to the merits of the case as well as finality with respect to the restitution determination.
> (e) The claimant has a right to request an indigency waiver at any time during the collection process and the Agency will advise the claimant of this right in every notice regarding collection or recovery of non-fraud overpayment.

(Settlement Agreement, ECF No. 9, Ex. A, ¶7)

As this Court noted in its Order granting the UAW's request, "Paragraph 7 (b) provides that if a timely appeal has been filed, 'the Defendant shall hold the adjudication of the restitution determination in abeyance until the appeal on the underlying issue(s) on the merits becomes final.' Settlement Agreement, ¶7(b). Discovery may be taken as to how Defendants are violating the Settlement Agreement by instituting collection activity before appeals have become final." The Court further held that it will not allow discovery regarding the review of an *individual* claimant's situation and whether the claimant is *entitled* to a hardship waiver. Paragraph 7 of the Settlement Agreement provides that the claimant has a right to request an indigency waiver "at any time during the collection process and the Agency will advise the claimant of this right in every notice regarding collection or recovery of non-fraud overpayment." Settlement Agreement, ¶7. The Court's order allowed discovery may be had on whether Defendants advised the claimants of the right to request an

11

indigency waiver in the notices sent to the claimant regarding any collection effort or request for recovery of non-fraud overpayment.

The Court's discovery order was intended to narrow the scope of discovery to the specific language in the Settlement Agreement where the UAW alleges Defendants have breached. The Court was clear that individual claimants' situations were not subject to discovery, but only to the extent these can support a breach. The requested discovery by the UAW is overbroad and requires review of tens of thousands of claimants' files, including those non-UAW members, and, as Defendants argue, millions of pages of documents. The issue is whether Defendants instituted collection activities before the appeals were final. This does not include individual claimant files if Defendants can produce data that show whether while on appeal Defendants instituted collection activities. However, if Defendants cannot produce such data, then Defendants must provide the underlying claimants' files, redacting any personal information. Such data and documents include non-UAW members since the Settlement Agreement applies to non-UAW members.

As to whether hardship waivers were sent to every eligible claimant, discovery can also be limited to those relevant documents. Defendants must provide the UAW copies of the notices sent to the claimants to determine whether the notices provided advised (or not) the claimants of the right to request an indigency waiver. The

12

claimants' personal information must be redacted.

The UAW's Motion to Compel is granted in part and denied in part as set forth above. The parties shall confer as to how to further narrow the discovery to be provided by Defendants to the UAW in light of the Court's ruling. Defendants shall provide documents/data regarding whether collection activities were instituted *while* an appeal was pending and *the contents of* the notices sent out as to hardship waivers as noted above. The parties are reminded that the issue before the Court is the extent of the scope of any breach by the Defendants regarding whether collection activities were instituted while an appeal was pending and how the notices were sent out as to hardship waivers as set forth in the settlement agreement. Whether the determination of the amount sought to be collected was proper is not before the Court.

**B. UAW'S EMERGENCY MOTION TO COMPEL DEPOSITIONS AND EXTEND DISCOVERY DEADLINE**

**1. Untimely Depositions**

The UAW seeks to depose Sharon Moffett-Massey, Teresa Burns, Michelle Beebe, Steve Gray and an agency representative for the Michigan Unemployment Insurance Agency for depositions. On August 23, 2019, the UAW sent the notices of depositions. The current deadline for discovery was September 3, 2019. The UAW therefore sought an extension of 45 days to complete the depositions. Defendants

responded on August 27, 2019 indicating it would not consent to extend the discovery a third time and it would object to the notices of deposition.

Defendants argue that the UAW waited nearly six months to schedule the depositions and failed to even attempt to do so until a week prior to the expiration of the second discovery extension. Defendants claim that it is the UAW who has exhibited a pattern of delay during discovery.

Although the UAW waited until the end of the second extension of the discovery period agreed to by the parties to depose certain individuals, even though the delay and untimeliness of the deposition notices is a factor, the UAW does indicate the incompleteness of the Defendants' responses in its discovery requests which required the UAW to request depositions of these individuals. However, the UAW must specifically identify which discovery request is incomplete. The UAW must then indicate how each of the named individual may have the necessary information to respond to any identified incomplete discovery request. The parties may then confer to determine agreed to deposition dates.

    **2.    Steve Gray**

In addition, Defendants argue that Steve Gray, who has been the Director of the Michigan Unemployment Insurance Agency since June 3, 2019, was also the UAW's counsel related to this litigation. Defendants claim that Gray's deposition should be

barred under the Rules of Professional Conduct. Gray actively participated in this litigation as the UAW's counsel, including in settlement negotiations.

Rule 1.11(c) of the Michigan Rules of Professional Conduct state,

> (c) Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee shall not:
> (1) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless under applicable law no one is, or by lawful delegation may be, authorized to act in the lawyer's stead in the matter; . . .

It appears there is a conflict and Gray should not be allowed to be deposed since he was the UAW's counsel in this litigation. However, because Gray is the Director of the Agency, Defendants have not indicated anyone else who is authorized in Gray's stead. Gray may have also obtained relevant information since June 3, 2019 in his current position. If Defendant can identify another official who is authorized to act in Gray's stead as the Director of the Agency and Gray is able to assert he has not gained relevant information to the two issues before the Court as the Director since June 3, 2019, Gray need not be deposed.

### III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the UAW's Motion to Compel is GRANTED IN PART AND DENIED IN PART  (ECF No. 67, 8/2/19) as more fully set forth above. The

request for Attorney Fees and Costs is DENIED and will not be assessed at this time.

IT IS FURTHER ORDERED that the UAW's Emergency Motion to Depose Certain Individuals is GRANTED IN PART AND DENIED IN PART (ECF No. 71, 8/29/19) as more fully set forth above. The request for Attorney Fees and Costs is DENIED and will not be assessed at this time.

IT IS FURTHER ORDERED that the following schedule governs this matter:

Additional discovery must be **completed by**:           October 5, 2020

Both parties must file supplemental briefs by:           November 9, 2020

Responses to the supplemental briefs must be filed by:   November 30, 2020

**A hearing on the issues on remand is set for December 16, 2020, 2:30 p.m.**

The Court is aware of the current COVID-19 pandemic. After conferring, if the parties are unable to complete discovery within this time frame, the parties may submit a proposed stipulated order indicating the discovery remaining and new dates.

**s/Denise Page Hood**
**DENISE PAGE HOOD**
**CHIEF U.S. DISTRICT JUDGE**

**DATED:** June 1, 2020